IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DENNIS RICHARDSON, | * | |
| Petitioner, | * | |
| | | Case No. 1:10-CV-90071 WLS |
| vs. | * | 28 U.S.C. § 2255 |
| | | Case No. 1:08-CR-35 WLS |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

### REPORT AND RECOMMENDATION

Petitioner Richardson's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

### Procedural History of the Case

An eight-Count Indictment was returned in this Court on August 29, 2008, charging Petitioner Richardson with Possession of Counterfeit Federal Reserve Notes in violation of 18 U.S.C. § 472 in Count 2 of the Indictment. (Doc. 1). On December 29, 2008, Petitioner Richardson entered into a Plea Agreement with the Government and pleaded guilty to Count 2 as charged in the Indictment. (Docs. 25, 26). On March 26, 2009, Petitioner Richardson was sentenced to a term of 60 months imprisonment on Count 2 to be served consecutive to Dougherty County Superior Court Cases Nos. 95R654; 98R1453; 99R466; and Lee County Superior Court Case No. 95R118, with restitution ordered. (Doc. 32). Petitioner's sentence was made the Judgment in his case on March 31, 2009. (Doc. 34).

Petitioner Richardson filed the Notice of Appeal on the upward departure from his offense level found by the court. (Doc. 37). He argued that his sentence was greater than necessary to

achieve the sentencing purposes set forth in 18 U.S.C. § 3553(a). Richardson objected to the sentence on the grounds that it was greater than necessary to comply with the factors listed under § 3553(a). He argued that his sentence was unreasonable because the district court abused its discretion in applying an upward departure under U.S.S.G. § 4A1.3. He asserted that his sentence was excessively harsh because the district court did not properly account for all the factors in 18 U.S.C. § 355(a).

In a lengthy and thorough discussion of each of the arguments and issues Petitioner Richardson raised in his appeal, the United States Court of Appeals for the Eleventh Circuit concluded that the district court properly and adequately considered all the § 3553(a) factors; that the amount of the departure and the 60-month sentence was reasonable; that the district court did not abuse its discretion in departing upward; and affirmed the district court's sentence. *See United States v. Richardson,* No. 09-11776 (11th Cir. November 16, 2009. (Doc. 68).

On January 19, 2010, Richardson timely filed a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 70), claiming as follows:

> **Ground One:** Sixth Amendment right to effective assistance of counsel and Fourteenth due process of law. On 3/26/09, during sentencing the Court took into account that defendant was incarcerated less than 2 years prior to this offense, which was an incorrect application. Mr. Richardson was not in fact incarcerated less than 2 years prior to offense. Mr. Richardson had a constitutional protected right to provide mitigating evidence that his trial counsel either failed to discover or failed to offer. Because of this mistaken application caused an upward departure from 23 criminal history points up to 26 criminal history points. Mr. Richardson contends that his PreSentence Investigation report had contained erroneous information causing a departure upward on the guideline by 1 point.

Petitioner Richardson places undue importance on the fact that he may not have actually been

incarcerated with 2 years prior to the offense in question. U.S.S.G. § 4A1.1(d) provides:

> Add **2** points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Moreover, the United States Court of Appeals for the Eleventh Circuit found on Petitioner's direct appeal (Doc. 68 at 4) that, "... Richardson committed the instant offense while under a sentence of probation and less than two years after release from confinement." The Court of Appeals decision is the law of the case and binding on this court.[1] Furthermore, Petitioner disregards the fact that at the Motions Hearing on December 23, 2008, he acknowledged to the Court that he was on probation in both the state and superior court at the time of the offense, which included the time of the search and seizure, as to which he also acknowledged that those probation orders included a waiver of search by any law enforcement officers, which goes to Petitioner's Grounds Two and Three below. (Doc. 51 at 13).

Richardson's **Ground Two** asserts the following:

> Fourteenth Amendment a right to due process. The district court failed to comply with Fed.R.Crim. P. 32(c)(3)(D). On 3/3/09, Mr Richard objected to the rather blatant inaccuracies stating the residence searched was 120-B as opposed to 120. But the court also must correct the error or otherwise indicate in writing that the challenged material is either wrong or irrelevant. The Court should have appended an appropriate written statement to the PSI report or otherwise ensured that the necessary modifications were made.

First, Petitioner did not raise this objection, whatever it is, in his direct appeal. As noted above, the authorities had Petitioner's waiver to search wherever he resided. Moreover, Rule 32(c) involves the preparation of a PreSentence investigation by the probation officer, not the court, and

---

[1] "Under the law of the case doctrine, both the district court and the court of appeals are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case." *United States v. Stinson,* 97 F.3d 466, 469 (11th Cir. 1996). *See United States v. Williams,* No.08-10185 (11th Cir. March 31, 2009).

3

its relevance to Petitioner's claim here is beyond discernment.

Petitioner's **Ground Three** states:

> Fourth Amendment. On 1/16/08 law enforcement officials conducted a search of the residence at 120-B Moultrie Rd. Officer did not have a right to search the residence of 120-A Moultrie Rd. Mr. Richardson was prosecuted for a search of a residence 120-A that has never been searched. The only residence that has been searched and seized was the residence of 120-B Moultrie Rd. The officers violated Mr. Richardson's constitutional right to privacy in his own home of 120-B Moultrie Rd.

This Ground is a repeat of Petitioner's Ground Two and is a conclusory statement without a factual basis. However, Petitioner must be reminded that at the Motions Hearing on December 23, 2008, he acknowledged to the Court that he was on probation in both the state and superior court at the time of the offense, which included the time of the search and seizure as to which he also acknowledged that those probation orders included a waiver to search by any law enforcement officers. (Doc. 51 at 13). Moreover, the court must note that Petitioner abandoned his Motion to Suppress in this case (Doc. 20), when his entered his plea on December 29, 2008. (Doc. 26). "The general rule is that a guilty plea waives all non-jurisdictional challenges to a conviction. *United States v. Reynolds,* 215 F.3d 1210, 1215 (11th Cir. 2008); *United States v. Broce,* 488 U.S. 563, 569 (109 S.Ct. 757, 762 (1989).

Petitioner's **Ground Four** asserts ineffective assistance of counsel in violation of Richardson's Sixth Amendment right to counsel. He states:

> District Judge refused to grant a continuance. His failure to adequately explain his decision and rule on motion for the record. This violate(ed) Richardson('s) Sixth Amendment right to counsel. District Judge should have ruled either granted or denied to the motion for appealable right but to fail to do so on record.

Petitioner's complaints relative to the Court's refusal to grant continuance are without merit.

The transcript of the Motions Hearing of December 23, 2008, shows that Richardson stated to the Court in camera regarding his counsel, "Yes. She have done a good job. It is just that the two witnesses that we were unable to get in touch with, I want a continuance because it's a witness that the investigator was trying to get in touch with, I have been trying to get in touch with, we've been unable to get in touch with them." (Doc. 51 at 10). Petitioner's counsel had just told the court, "One of those witnesses, we actually contacted. She indicated that she's represented by an attorney. ... With respect to the other individual, I believe my investigator has tried to contact this person. It is my position that this person is not a material individual for this – for this hearing." *Id.* at 9. The remainder of the in camera conference amply illustrates that Richardson was unable to articulate how the witnesses for which he sought a continuance to locate could assist in his defense. Again, when Richardson entered his plea on December 29, 2008 (Doc. 26), he waived his challenge here. "The general rule is that a guilty plea waives all non-jurisdictional challenges to a conviction. *United States v. Reynolds,* 215 F.3d 1210, 1215 (11th Cir. 2008); *United States v. Broce,* 488 U.S. 563, 569 (109 S.Ct. 757, 762 (1989). Richardson's statements regarding the good work of his attorney belie his present claim of ineffective assistance of counsel. To establish a claim for relief based upon ineffective assistance of counsel, Petitioner must meet the two pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). (1) Petitioner must show that his counsel's representation was deficient and (2) Petitioner must show that this deficient representation prejudiced Petitioner. *Strickland,* 466 U.S. at 687; see *Baxter v. Thomas,* 45 F. 3d 1501, 1512 (11th Cir. 1995). The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S. Ct. 366 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same: the attorney's conduct must be shown to have fallen outside the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel need

only provide a client who pleads guilty with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial. *Wofford v. Wainwright,* 748 F. 2d 1505, 1508 (11th Cir. 1984). The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, Petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

Petitioner Richard failed to show either the deficiency prong or the prejudice prong of the *Strickland* standard and, thus, fails to carry his burden of showing that his Sixth Amendment right to the effective assistance of counsel was violated in any way.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 19th day of April 2010.

S/G. MALLON FAIRCLOTH
**UNITED STATES MAGISTRATE JUDGE**