IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

DENNIS RICHARDSON, :
:
    Petitioner, :
: CASE NO.: 1:10-CV-90071 (WLS)
v. : 28 U.S.C. § 2255
: CASE NO.: 1:08-CR-35 (WLS)
UNITED STATES OF AMERICA, :
:
    Respondent. :
_____ :

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge G. Mallon Faircloth, filed April 19, 2010. (Doc. 73). It is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 70) be denied. (Doc. 73 at 6).

After Petitioner's erroneously premature appeal of the Report and Recommendation (Doc. 75) was dismissed by the Eleventh Circuit for lack of jurisdiction (Doc. 94), returning the matter to this Court, an extended objection period was granted by this Court's Order of July 29, 2010 (Doc. 96). Although Petitioner's September 2, 2010 Objection (Doc. 99) was filed later than the 14-day deadline set by the Court's July 29, 2010 Order, the Court will *sua sponte* grant an extension and address the merits of Petitioner's Objection.

For the following reasons, the objections set forth in Petitioner's Objection (Doc. 99) are **OVERRULED** and United States Magistrate Judge Faircloth's April 19, 2010 Report and Recommendation (Doc. 73) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and

1

conclusions reached herein. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 70) is **DENIED**.

## I. Grounds Three and Four

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 states four (4) grounds on which the motion is based. (Doc. 70 at 4-9). Judge Faircloth's Report and Recommendation addresses all four (4) grounds, stating legal and factual reasons why each of the four (4) grounds are insufficient to support a ruling favorable to Petitioner. (Doc. 73 at 2-6). Petitioner's Objection responds to only those recommendations made by Judge Faircloth regarding Grounds One and Two. (Doc. 99 at 6-14). After discussing Ground One and Ground Two, Petitioner's Objection expressly states that "these are all of my objections." (Doc. 99 at 14). Because Petitioner's Objection does not address Judge Faircloth's Report and Recommendation regarding Grounds Three and Four of Petitioner's § 2255 Motion, the Court finds that any objections thereto have been **WAIVED** by Petitioner.

## II. Ground One

Petitioner's Ground One claims that he received ineffective assistance of counsel at sentencing. (Doc. 70 at 4). This Court was the sentencing Court. (*See, e.g.*, Doc. 34). Petitioner asserts that he should not have received an addition of one (1) point to his Criminal History category pursuant to U.S.S.G. § 4A1.1(e) because he allegedly did not commit the offense to which he was being sentenced within two years of his release from imprisonment on a sentence counted under § 4A1.1(a) or (b). (Doc. 70 at 4; Doc. 99 at 6-11). Petitioner asserts that his sentencing attorney's alleged failure to investigate his incarceration record and object to the application of U.S.S.G. § 4A1.1(e) in his Presentence Investigation Report caused him to receive a longer sentence than he otherwise should have received. (Doc. 70 at 4; Doc. 99 at 6-11).

2

Judge Faircloth's Report and Recommendation quotes the Eleventh Circuit's finding that "Richardson committed the instant offense while under a sentence of probation and less than two years after release from confinement" in showing that such a fact is the law of the case. (Doc. 73 at 3). Petitioner himself parrots this fact in the Background section of his Objection: "Three points were added to this score pursuant to U.S.S.G. [§] 4A1.1(d) and (e) because Richardson committed the instant offense while under a sentence of probation and less than 2 years after release from confinement." (Doc. 99 at 3). Later in his Objection, however, Petitioner challenges this fact, asserting that he did not qualify for any points under U.S.S.G. § 4A1.1(e) by stating that it "in fact is **not** a true fact" that "Richardson committed the instant offense less than 2 years after [being] released from confinement." (Doc. 99 at 9) (emphasis in original). In support of his argument, Petitioner attaches to his Objection a June 3, 2010 letter from the Georgia State Board of Pardons and Paroles stating that his parole for some unknown and unreferenced offense began on August 22, 2005, and ended on November 21, 2007. (Doc. 99 at 15).

After careful review and consideration of the record, the Court finds several reasons why Petitioner's argument is faulty. First is the exact reason stated by Judge Faircloth: the Eleventh Circuit has established that Petitioner did qualify for § 4A1.1(e), which is the law of the case. (Doc. 68 at 4 ("[P]oints were added … pursuant to U.S.S.G. §[] 4A1.1 … (e) because Richardson committed the instant offense … less than two years after release from confinement.")). Second, the Court has reviewed the Presentence Investigation Report, which expressly states that Petitioner's probation was revoked and he spent time in and was released from a Diversion Center within two years of committing the January 16, 2008 offense to which he pleaded guilty and was sentenced by this Court. (P.S.I. at 6-9; *see* Doc. 25 at 7 (Plea Agreement)). The Court

3

understands that with such a robust criminal record, Petitioner may have difficulty in recalling exactly when he may or may not have been imprisoned, but the clear facts of the Presentence Investigation Report show that he was indeed incarcerated within two years of his Federal offense. Third, Defendant had the opportunity to review the Presentence Investigation Report prior to sentencing, but did not himself object to any alleged errors regarding the application of § 4A1.1(e) at his sentencing hearing. The transcript from the sentencing hearing shows that Petitioner's attorney made several objections to the Presentence Investigation report, none of those objections specifically touching on the application of § 4A1.1(e). (Doc. 53 at 42-43). The following colloquy then occurred between the Court and Petitioner:

> THE COURT: All right. Mr. Richardson, is it correct you read the Presentence Investigation Report?
> DEFENDANT RICHARDSON: Yes, sir.
> THE COURT: Has counsel stated the objections correctly?
> DEFENDANT RICHARDSON: Yes, sir.
> THE COURT: Are there other objections that she did not state?
> DEFENDANT RICHARDSON: No, sir.
> THE COURT: All right. …

(Doc. 53 at 43). Petitioner thereupon agreed that the application of § 4A1.1(e) was correct.

Fourth and finally, Petitioner's ineffective assistance of counsel argument is deficient because Petitioner has not shown satisfaction of both prongs of the Strickland standard. "Ineffective assistance of counsel claims are governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 … (1984), under which the defendant must show both (1) 'that counsel's performance was deficient,' and (2) 'that the deficient performance prejudiced the defense.'" DeYoung v. Schofield, 609 F.3d 1260, 1283 (11th Cir. 2010) (quoting Strickland, 466 U.S. at 687). "In Strickland, the Supreme Court advised that 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.'" Rose v. McNeil, 634 F.3d 1224, 1242 (11th

4

Cir. 2011) (quoting Strickland, 466 U.S. at 697). "[T]he Supreme Court stated that '[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" *Id.* (quoting Strickland, 466 U.S. at 697). "The prejudice prong requires a showing 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" DeYoung, 609 F.3d at 1284 (quoting Strickland, 466 U.S. at 694).

Petitioner claims that the allegedly erroneous application of § 4A1.1(e) caused prejudice to him by giving the Court grounds to increase his sentence. (Doc. 70 at 4; Doc. 99 at 6-11). Petitioner's Objection accurately observes that, subtracting the one (1) Criminal History point assessed pursuant to the final sentence of § 4A1.1(e),[1] his Criminal History point total would have been 25. (Doc. 99 at 9-10). The Court finds that Petitioner has failed to show a reasonable probability that this Court – which was Petitioner's sentencing Court (*see, e.g.*, Docs. 34, 53) – would have given Petitioner a lesser sentence even assuming, *arguendo*, that § 4A1.1(e) was ignored and he had a Criminal History point total of 25 rather than of 26.

The Court assessed an upward departure pursuant to U.S.S.G. § 4A1.3(a) for various grounds referenced by the Court at the sentencing hearing, including because "there are 23 history points -- Criminal History points because of those things that are specifically set out in the Presentence Report," and furthermore that "[i]f you take into account the fact that the defendant was on probation and had been incarcerated less than two years prior to this offense occurring, he has 26 points, which is twice as much as the baseline to be a Category 6 career

---

[1] "Add **2** points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) …. If **2** points are added for item (d), add only **1** point for this item." U.S.S.G. § 4A1.1(e) (2008) (bold in original). Section 4A1.1(d) requires the sentencing court to "[a]dd **2** points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e) (2008) (bold in original). Petitioner's Objection readily states that "Richardson committed the instant offense while under a sentence of probation, and which in fact is true." (Doc. 99 at 9).

5

offender." (Doc. 53 at 89-90). The Court observed that Petitioner "stands heads and shoulders above someone who just meets the [Category 6 career offender] criteria." (*Id.* at 90). In announcing Petitioner's sentence, the Court stated the following:

> The Court notes that you have been assessed a total of 26 Criminal History points, have been placed in Criminal History Category 6 pursuant to the Federal Sentencing Guidelines. The Court notes that the minimum threshold for placement into Criminal History Category 6 is 13 Criminal History points. You have accumulated double that amount.
>
> The Court is of the opinion that your Criminal History Category significantly under-represents the seriousness of your Criminal History. As such, based on the provisions of [U.S.S.G. § 4A1.3], the Court is hereby making an upward departure from the sentencing guideline range.
>
> After carefully considering each incremental increase in the offense level, the Court determines that four steps in the offense level is the appropriate upward departure in your case resulting in a total offense level of 17 with a Criminal History Category of 6, which increases your guideline range from 33 to 41 months to 51 to 63 months. It is the Court's opinion that this category most appropriately reflects the seriousness of your criminal history.
>
> The Court commits you to the Bureau of Prisons for a period of 60 months ….

(Doc. 53 at 103-04). Upon careful review of Petitioner's Objection (Doc. 99) and the record, the Court finds that Petitioner has not shown a reasonable probability that the Court's upward departure decision would have been different had Petitioner been assessed 25 Criminal History points rather than 26. Petitioner's conclusory argument that "25 Criminal History points does not adequately reflect the seriousness of the defendant's criminal history and would not support or justify an upward departure" (Doc. 99 at 10) is not only insufficient and unsupported by any facts, but is also spurious given that 25 points is practically double the 13 Criminal History points needed to qualify one for career offender status. The Court finds that Petitioner has failed to satisfy Strickland in Ground One of his § 2255 Motion.

For the above-stated reasons, the Court finds that Petitioner has failed to rebut the legally sound Recommendation of Judge Faircloth regarding Ground One of Petitioner's § 2255 Motion. Accordingly, Petitioner's Objection regarding Ground One (Doc. 99 at 6-11) is **OVERRULED**.

### III. Ground Two

Petitioner's Ground Two and Objection regarding Ground Two beats the proverbial dead horse regarding the address listed in certain documents of the residence that was searched in his case, claiming that this Court violated his right to due process by allegedly failing to comply with "Fed. R. Crim. P. 32(c)(3)(D)" and allegedly not "append[ing] an appropriate written statement to the PSI report or otherwise ensure[] that the necessary modification [was] made." (Doc. 70 at 5; Doc. 99 at 12-14). Judge Faircloth found no relevance of Federal Rule of Criminal Procedure 32(c) to Petitioner's claim, and added that Petitioner failed to raise the objection in his direct appeal. (Doc. 73 at 3-4).

The Court finds that Petitioner has failed to rebut the legally sound Recommendation of Judge Faircloth regarding Ground Two of Petitioner's § 2255 Motion. The Court engaged in lengthy discussions with Petitioner regarding this claim (*see, e.g.*, Docs. 51, 53), which the Court found to be immaterial. Petitioner makes no showing in his Objection that the allegedly incorrect address is material. (*See generally* Doc. 99 at 12-14). Additionally, there is no Rule 32(c)(3)(D) found in the Federal Rules of Criminal Procedure, and no other rule requiring this Court to append or modify Petitioner's Presentence Investigation Report for the reasons asserted by Petitioner. In summary, Petitioner makes no showing that this Court violated his right to due process. Accordingly, the Court finds that Petitioner has failed to rebut the legally sound Recommendation of Judge Faircloth regarding Ground Two of Petitioner's § 2255 Motion, and Petitioner's Objection regarding Ground Two (Doc. 99 at 12-14) is **OVERRULED**.

### IV.     Conclusion

For the foregoing reasons, the objections set forth in Petitioner's Objection (Doc. 99) are **OVERRULED** and United States Magistrate Judge Faircloth's April 19, 2010 Report and Recommendation (Doc. 73) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.  Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 70) is **DENIED**.

**SO ORDERED**, this   5th  day of May, 2011.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**